# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CRAIG DOWLING, ) | |
| ) | Case No. 3:19-cv-129 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| U.S. CORRECTIONS, LLC, JOHN DOE ) | |
| NO. 1, and JOHN DOE NO. 2, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Before the Court is Defendant U.S. Corrections, LLC's motion for initial review of Plaintiff's complaint (Doc. 22). For the reasons set forth below, Defendant's motion will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.     BACKGROUND

Plaintiff, a prisoner of the Tennessee Department of Correction, filed a *pro se* complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 alleging that Defendant U.S. Corrections—the prisoner transportation service that took him from Watertown, New York, to Ware County, Georgia, and then to Charleston, Missouri, before depositing him in Knoxville, Tennessee, in January, 2019—employs the John Doe Defendants. (Doc. 21, at 3–4.) Plaintiff specifically alleges that a John Doe Defendant pointed a taser at him and placed him in a "special cage" without a seatbelt after he had an argument with the driver of the transport van,[1] that he

---

[1] It appears that the driver of the van may be one of the John Doe Defendants that Plaintiff has sued in this action, but it is not clear. (Doc. 21, at 4.)

later injured a tooth when the driver of the van suddenly applied the brakes twice, and that the John Doe Defendants did not assist him in obtaining medical care or in filing a grievance upon his arrival at the Ware County Jail. (*Id.*)

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). As such, formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Nevertheless, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that (1) a person acting under color of state law (2) deprived him of a federal right. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

As set forth above, Plaintiff bases his claims against Defendant U.S. Corrections and two John Doe Defendants on allegations that one of the John Doe Defendants, at the request of the driver of the van, pointed a taser at him and placed him in a "special cage" without a seatbelt during a trip between jail facilities after Plaintiff got into a verbal altercation with the driver, resulting in Plaintiff injuring his tooth when he "slam[med] his face" into a wall after the driver suddenly applied the brakes. (Doc. 21, at 3–4.) Plaintiff also alleges that after they arrived at the jail facility in Ware County, Georgia and Plaintiff was placed in a holding cell, the John Doe Defendants fled without helping Plaintiff obtain medical care or allowing him to file a complaint or grievance, despite Plaintiff showing them his injuries and one of the Doe Defendants telling him that "we will take care of everything when we get inside." (*Id.* at 4.)

### A. Defendant U.S. Corrections

Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant U.S. Corrections may be liable under § 1983 for the incidents in the complaint. A private corporation acting under color of state law may not be liable under § 1983 for constitutional violations based upon a theory of *respondeat superior*, but rather may be liable only where its custom or policy caused a constitutional violation. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). To the extent that Plaintiff alleges that he injured his tooth because he was not buckled into a seatbelt during his transportation in the van pursuant to a custom or policy of Defendant U.S. Corrections, this allegation does not allow the Court to plausibly infer any violation of Plaintiff's constitutional rights. *Groce v. Smith*, No. 3:15-CV-0823, 2015 WL 4743818, at *2 (M.D. Tenn. Aug. 10, 2015) (collecting cases standing for the proposition that transporting

3

inmates without seatbelts does not amount to deliberate indifference in violation of the Eighth Amendment).

As nothing else in the complaint suggests that any custom or policy of Defendant U.S. Corrections caused a violation of Plaintiff's constitutional rights, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant U.S. Corrections. Thus, Defendant U.S. Corrections will be **DISMISSED**.

### B. John Doe Defendants

#### i. *Van Trip Allegations*

Plaintiff's allegations that one of the John Doe Defendants pointed a taser at Plaintiff and placed him in a "special cage" in the van after Plaintiff got into an argument with the driver of the van and that Plaintiff later injured his tooth after the driver of the van suddenly applied the brakes (Doc. 21, at 4) likewise do not state a claim for which relief may be granted under § 1983.

For purposes of screening, the Court assumes that Plaintiff was a pretrial detainee at the time of this incident and therefore analyzes Plaintiff's use of force claim under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). In evaluating a use-of-force claim under the Fourteenth Amendment, the relevant inquiry is whether "the force purposely or knowingly used against [the plaintiff] was objectively unreasonable." *Id.* at 2473. This determination must be based on the specific facts of the case, viewed from the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* The court must also take into account "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained'" and appropriately defer to "'policies and practices that in th[e] judgment' of jail officials that 'are

needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

As Plaintiff states that a John Doe Defendant pointed his taser at Plaintiff and placed him in a "special cage" at the request of the driver of the van after Plaintiff got into an argument with the driver, nothing in the complaint allows the Court to plausibly infer that these acts were objectively unreasonable. To the contrary, it is apparent from the complaint that these acts were reasonably intended to discipline Plaintiff and ensure the safety of the officers in the van.

Moreover, nothing in the complaint allows the Court to plausibly infer that Plaintiff's placement in the "special cage" imposed an atypical and significant hardship on Plaintiff such that it may have violated his constitutional rights. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that restraint of a prisoner violates due process only when the action exceeds the sentence in an unanticipated manner or imposes an atypical and significant hardship that is not a usual incident of prison life). Likewise, nothing in the complaint allows the Court to plausibly infer that the van driver's sudden application of the brakes was deliberate, rather than a normal driving reaction. Thus, these allegations fail to state a claim upon which relief may be granted under § 1983.

### ii. Filing a Grievance

Next, Plaintiff's allegation that the John Doe Defendants did not help him file a grievance upon his arrival at the Ware County Jail facility fails to state a claim upon which relief may be granted under § 1983, as a prisoner has "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003).

### *iii. Medical Care*

Plaintiff's allegation that the John Doe Defendants did not assist him in obtaining medical care upon his arrival to the Ware County Jail facility also fails to state a claim upon which relief may be granted under § 1983. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that the acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Plaintiff's allegations that Defendants "fled" after depositing Plaintiff at the jail facility in Ware County, Georgia, without first helping Plaintiff to obtain medical care despite telling Plaintiff that "we will take care of everything when we get inside" is insufficient to allow the Court to plausibly infer that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Specifically, although Plaintiff alleges that this act amounted to a refusal of medical care, nothing in the complaint suggests that Plaintiff could not have personally requested medical care from the jail officials and medical providers at the Ware County Jail or that the John Doe Defendants had any reason to believe that Plaintiff could not do so [Doc. 21 p. 4]. While Plaintiff appears to have assumed that the John Doe Defendant's statement that "we will take care of everything once we get inside" meant that the John Doe Defendants would request and/or obtain medical care on Plaintiff's behalf, this assumption does not create a violation of Plaintiff's constitutional rights.

Thus, even construing Plaintiff's allegations related to this claim in Plaintiff's favor, they do not allow the Court to plausibly infer that the John Doe Defendants were deliberately indifferent to Plaintiff's serious medical needs. Rather, they suggest that the John Doe Defendants allowed Plaintiff to pursue his medical care needs with the officials and medical providers at the Ware County Jail. Thus, these allegations fail to state a claim upon which relief may be granted under § 1983.

IV. **CONCLUSION**

Accordingly, for the reasons set forth above:

1. Defendant U.S. Corrections' motion for initial screening [Doc. 22] will be **GRANTED** to the extent that the Court has determined above that, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**